```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
 KESHAWNA CLINTON,                      :     14cv7737(DLC)
                         Movant,        :     10cr34-01 (DLC)
                                        :
           -v-                          :     MEMORANDUM
                                        :     OPINION & ORDER
 UNITED STATES OF AMERICA,              :
                         Respondent.    :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On September 22, 2014, Keshawna Clinton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to be resentenced. She has been given an opportunity to explain why this petition should not be denied as untimely. For the following reasons, the petition is denied.

## BACKGROUND

On October 7, 2010, a jury found Clinton guilty of conspiring to distribute and possession with intent to distribute one or more kilograms of heroin. On January 21, 2011, Clinton was sentenced to the mandatory minimum term of imprisonment of 120 months despite a sentencing guidelines range of 188 to 235 months. Clinton did not appeal her conviction. Accordingly, her time to file a petition for a writ of habeas corpus expired in February of 2012.

Two prior applications from Clinton have been denied. On January 13, 2012, the Court denied a request to reduce her

sentence under the Fair Sentencing Act of 2010 since her conviction was not for distribution of crack cocaine. On September 27, 2012, the Court denied Clinton's request to be resentenced.

Then, on September 22, 2014, Clinton filed the instant petition seeking a resentencing. She argues that her sentencing guidelines range was incorrectly calculated. Specifically, she argues that the offense level should have been level 34 and not 36, based on the quantity of heroin, and that she was also entitled to a safety valve adjustment to her sentencing guidelines range. Clinton also describes factors that would warrant leniency at any resentencing. She adds that she did not appeal from her conviction because she did not understand the complete process and was told she could not appeal.

In an Order of October 30, Clinton was given an opportunity to explain why her petition should not be dismissed as untimely. The Order outlined the elements of an equitable tolling analysis.

In a December 1 filing, Clinton contends that she has diligently been pursuing her rights by filing the two prior applications noted above. She also provides evidence of the many classes she has taken while incarcerated, arguing in effect that her busy class schedule has interfered with her ability to file this petition more quickly. Finally, she explains that she

only recently came to understand that a Court could impose a sentence without regard to a statutory mandatory minimum term of imprisonment based on the substantial assistance that a defendant provides to "judicial economy." She argues that the prison classes she has taken beginning in 2011 are evidence of that substantial assistance to judicial economy.

## DISCUSSION

The one-year limitations period for 28 U.S.C. § 2255 petitions may be equitably tolled "where the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). The determination that circumstances faced by petitioner were "extraordinary" "depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the petitioner endeavoring to comply with AEDPA's limitations period." Id. (citation omitted).

Clinton has failed to show that she was sufficiently diligent to qualify for equitable tolling of her time to file a petition for a writ of habeas corpus. Accordingly, the petition must be denied as untimely.

In any event, the petition would be denied as well on the merits.  The sentence was the lowest sentence that could be given to Clinton in light of the statutory mandatory minimum sentence of ten years' imprisonment.  While the safety valve provision of the law would have permitted a sentence below the mandatory minimum term of imprisonment, Clinton was given the opportunity to qualify for the safety value and chose not to attempt to do so.

At the beginning of the January 21, 2011 sentencing proceeding, the Court inquired about Clinton's decision to not attempt to qualify for the safety valve.  Clinton had already engaged in one safety valve proffer session, but the Government had judged her to be untruthful.  Clinton had rejected the opportunity to make a second proffer.  Over the course of several pages of transcript, the Court engaged in an extended colloquy with defense counsel to ensure that Clinton's decision was well informed and firm.  The Court offered Clinton the opportunity to adjourn the sentence to make the necessary proffer to the Government to qualify for the safety valve.  Nothing in Clinton's present submission suggests that these issues were not thoroughly discussed with and considered by Clinton at and before her sentencing proceeding.  Clinton having made a knowing and voluntary waiver of her right to engage in a safety valve proffer, she is unable to show that the Court could

4

have imposed a sentence below the mandatory minimum term of imprisonment.

## CONCLUSION

Clinton's petition of September 22, 2014 is denied.  In addition, a certificate of appealability shall be not granted.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted.  <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d Cir. 1998); <u>Rodriquez v. Scully</u>, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.

Dated:    New York, New York
          July 2, 2015

```
                              _____
                                       DENISE COTE
                              United States District Judge
```